UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARCY D. BELL,

              Plaintiff,

v.                                             Case No. 18-cv-1150-pp

DEREK KOZAK, *et al.*,

              Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 36), DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 42) AND DISMISSING PLAINTIFF'S CASE WITH PREJUDICE**

        Plaintiff Darcy Bell is proceeding on claims under the Fourth and Fourteenth Amendments based on his allegations that the defendants violated his constitutional rights when he was arrested in December 2017. Dkt. No. 8. On May 8, 2019, the defendants moved for summary judgment, dkt. no. 36; the next day, the plaintiff moved for partial summary judgment, dkt. no. 42. On June 24, 2019, the defendants' lawyer filed a letter explaining that he had mailed the defendants' materials in response to the plaintiff's motion for partial summary judgment to the plaintiff at the address the plaintiff had provided to the court. Dkt. No. 50. A few weeks later, however, Lawrence Correctional Center returned the materials to the defendants' lawyer with a notice that the plaintiff was no longer in custody. Id. The defendants' lawyer explained that he had searched the Illinois and Wisconsin Departments of Corrections websites, but that he was unable to find updated contact information for the plaintiff. Id.

A couple of weeks later, the defendants' lawyer filed another letter. Dkt. No. 54. He explained that he spoke to the plaintiff on July 8, 2019, and the plaintiff provided him with updated contact information. Id. The defendants' lawyer informed the court that he had mailed the defendants' response materials to the plaintiff at his new address. Id. A few days later, the plaintiff filed a notice updating the court with his current address. Dkt. No. 58. He also filed a motion to appoint counsel (dkt. no. 57) and a request for five subpoenas (dkt. no. 59).

A little more than a week later, on July 25, 2019, Magistrate Judge David Jones (to whom the court had referred the case for pretrial matters) denied the plaintiff's motion for counsel. Dkt. No. 61. He also noted that the plaintiff's materials in response to the defendants' summary judgment motion were past due. Id. Judge Jones acknowledged that the plaintiff recently had been released, so he gave him a final opportunity to respond to the defendants' motion. Id. Judge Jones reminded the plaintiff to respond to the defendants' proposed findings of fact and to the legal arguments in their brief. Id. Judge Jones warned the plaintiff that if he did not respond to the defendants' motion by August 9, 2019, Judge Jones would recommend that this court dismiss the case based on the plaintiff's failure to respond to the motion and based on his failure to diligently prosecute his case. Id.

The deadline for the plaintiff to respond to the defendants' summary judgment motion has passed, and the plaintiff has not filed his response materials. Under Civil Local Rule 7(d), "[f]ailure to file a memorandum in

opposition to a motion is sufficient cause for the court to grant the motion." (E.D. Wis.) Further, under Civil L. R. 41(c), "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."

The defendants filed their summary judgment motion more than four months ago. Despite the court giving the plaintiff ample time to respond, he has not done so, nor has he informed the court of any reason why he is unable to respond. His failure to oppose the defendants' motion is sufficient grounds for the court to grant their motion. Further, the defendants have devoted a significant amount of time to this case: they prepared their own summary judgment motion, responded to the plaintiff's summary judgment motion, attempted to locate the plaintiff after he failed to promptly notify them or the court of his current contact information and updated the court with the plaintiff's contact information after finally connecting with him. In contrast, the plaintiff has made no efforts to respond to the motion or explain to the court why he is unable to respond. Given these circumstances, the plaintiff's failure to diligently prosecute this case warrants dismissing it with prejudice.

The court **GRANTS** the defendants' motion for summary judgment. Dkt. No. 36.

The court **DENIES** the plaintiff's motion for partial summary judgment. Dkt. No. 42.

The court **DISMISSES** this case **with prejudice** based on the plaintiff's failure to oppose the defendants' motion, Civil L. R. 7(d), and based on the plaintiff's failure to diligently prosecute this case, Civil L. R. 41(c).

Dated in Milwaukee, Wisconsin, this 9th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**